**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | | |
|---|---|---|
| ANTOINETTE E. PELZER, | : | Civ. Action No. 18-11615 (RMB) |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| SARAH DAVIS, Administrator, | : | |
| and ATTORNEY GENERAL | : | |
| OF THE STATE OF NEW JERSEY, | : | |
| | : | |
| Respondents. | : | |

On July 13, 2018, Petitioner filed a petition for writ of habeas corpus, challenging her October 24, 2013 conviction in the Superior Court of New Jersey, Atlantic County for two counts of murder. (Pet., ECF No. 1.) On July 16, 2018, this Court ordered Respondents to file an answer to the petition. (Order, ECF No. 2.) On August 6, 2018, Petitioner filed a motion to appoint pro bono counsel and for an extension of time to file a reply to the answer. (Mot. to Appoint Counsel, ECF No. 4.)

On August 24, 2018, Respondents filed an answer to the petition, arguing that Petitioner failed to exhaust all claims in the state courts and that the mixed petition should be dismissed or denied. (Answer, ECF No. 6.) For the reasons discussed below, the Court will dismiss the mixed habeas petition to permit

Petitioner an opportunity to exhaust her unexhausted claims. The Court will dismiss the motion to appoint counsel as moot.

I. PROCEDURAL HISTORY

On August 30, 2013, Petitioner pled guilty in the Superior Court of New Jersey, Atlantic County to two counts of murder in violation of N.J.S.A. 2C:11-3A(3). (Answer, Ex. 2, ECF No. 6-3 at 1-5.) Petitioner was sentenced on October 24, 2013 to two consecutive 40-year terms of imprisonment, subject to an 85% parole disqualifier. (Answer, Ex. 3, ECF No. 6-4 at 18.)

On May 30, 2014, Petitioner appealed based on excessive sentence. (Answer, Ex. 5, ECF No. 6-6.) The Appellate Division held a hearing and denied Petitioner's appeal on December 4, 2014. (Answer, Ex. Nos. 6, 7, ECF No. 6-7, 6-8.) Petitioner sought certification from the New Jersey Supreme Court, and her petition was denied on May 19, 2015. (Answer, Ex. 8, ECF No. 6-9.)

On June 17, 2015, Petitioner filed a petition for post-conviction relief in the Superior Court of New Jersey, Law Division. (Answer, Ex. 9, ECF No. 6-10.) A PCR hearing was conducted before the Honorable Michael Blee, J.S.C. on June 21, 2016. (Answer, Ex. 10, ECF No. 6-11.) The PCR Court denied relief by order dated July 6, 2016. (Answer, Ex. 11, ECF No. 6-12.) Petitioner appealed the PCR Court's decision. (Answer, Ex. 12, ECF No. 6-13.)

On November 13, 2017, Petitioner's PCR appeal was denied in part and remanded in part by the Appellate Division. (Answer, Ex. 13, ECF No. 6-14.) The Appellate Division noted the PCR Court did not address the defendant's pro se arguments, although it was obliged to do. (Id., ECF No. 6-14 at 4.) The Appellate Division remanded for the PCR Court to address Petitioner's pro se claims. (Id.) Petitioner filed a petition for certification in the New Jersey Supreme Court, and the petition was denied on March 12, 2018. (Answer, Ex. 14, ECF No. 6-15.) Petitioner filed a petition for writ of habeas corpus in this Court on July 13, 2018. The remand proceeding had not yet been held before the PCR Court. (Answer, ECF No. 6 at 12.)

II. EXHAUSTION

28 U.S.C. § 2254(b)(1)(A) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State[.]" A petitioner must give the state courts a full opportunity to resolve any federal constitutional issues by invoking one complete round of the State's established review process. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

A habeas petition that contains both exhausted and unexhausted claims is a mixed petition that must be dismissed

without prejudice. Rose v. Lundy, 455 U.S. 509. 522 (1982). An exception to the exhaustion requirement exists where there is no opportunity to obtain redress in state court. Duckworth v. Serrano, 454 U.S. 1, 3 (1981). Futility may be established where a state court would refuse on procedural grounds to hear the merits of the claims. Szuchon v. Lehman, 273 F.3d 299, 323 (3d Cir. 2001). Exhaustion is not futile unless state law clearly forecloses state court review. Lines v. Larkin, 208 F.3d 153, 162-63 (3d Cir. 2000).

Here, the Appellate Division remanded in part to the PCR Court for the PCR Court to address Petitioner's pro se claims. (Answer, Ex. 13, ECF No. 6-14.) The habeas petition presents both the exhausted PCR claim raised by Petitioner's counsel and the unexhausted pro se claims Petitioner raised in the PCR Court, which have not been addressed as ordered by the Appellate Division's remand to the PCR Court. (Pet., ECF No. 1, ¶12.) Therefore, the habeas petition is a mixed petition that must be dismissed without prejudice.

A district court should stay a § 2254 habeas proceeding when dismissing the petition as unexhausted may result in the petitioner losing his opportunity for habeas review because the one-year statute of limitations period may expire prior to exhaustion of state court remedies. Rhines v. Weber, 544 U.S. 269, 275-76 (2005). This is not such a case.

Petitioner's direct appeal became final on August 18, 2015, 90 days after the New Jersey Supreme Court denied her petition for certification. See Gonzalez v. Thayer, 565 U.S. 134, 150 (2012) (for petitioners who do not seek certiorari from the Supreme Court on direct review, judgment becomes final upon expiration of the time for seeking such review). Petitioner, however, filed a PCR petition on June 17, 2015, before the statute of limitations under 28 U.S.C. § 2244(d)(1)(A) started to run. The one-year statute of limitations period has not begun because Petitioner's PCR proceedings are still pending on remand. See 28 U.S.C. § 2244(d)(2); see e.g. Johnson v. Hastings, Civ. No. 13-0305(KM), 2014 WL 5159969 (D.N.J. Oct. 10, 2014) (statute of limitations resumed running after PCR proceedings on remand were final). Petitioner is not in danger of losing her opportunity to bring her habeas claims based on the one-year habeas statute of limitations. Therefore, the Court need not stay this matter pending exhaustion. Petitioner must timely file a new habeas petition upon exhausting her state court remedies in the PCR remand proceedings.

III. MOTION TO APPOINT COUNSEL

Petitioner filed an application for appointment of counsel pursuant to 18 U.S.C. § 3006A(g). The Court will dismiss the motion as moot because the habeas petition will be dismissed without prejudice for exhaustion of state remedies. Petitioner may renew

her motion for appointment of counsel upon filing a new habeas petition after exhausting her state court remedies.

IV. CERTIFICATE OF APPEALABILITY

This Court must determine whether Petitioner is entitled to a certificate of appealability in this matter. See Third Circuit Local Appellate Rule 22.2. The Court must issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner makes such a showing if "reasonable jurists could debate whether … the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quoting Slack v. McDaniel, 529 U.S. 473 (2000) (quoting Estelle v. Barefoot, 463 U.S. 880, 893, n.4 (1983)). Reasonable jurists would not debate the propriety of dismissing the habeas petition without prejudice based on Petitioner's failure to exhaust state court remedies.

V. CONCLUSION

For the reasons discussed above, the Court will dismiss this mixed petition without prejudice to permit Petitioner to exhaust the pro se claims she raised in the PCR Court. A certificate of appealability shall not issue.

An appropriate Order follows.

Date: January 4, 2019

                                      s/Renée Marie Bumb
                                      **RENÉE MARIE BUMB**
                                      **United States District Judge**